**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

----------------------------------------------------------x

COMCAST OF CONNECTICUT/
GEORGIA/MASSACHUSETTS/NEW
HAMPSHIRE/NEW YORK/NORTH
CAROLINA/VIRGINIA/VERMONT, LLC,
D/B/A COMCAST,

               Plaintiff,

                v.

THE VERMONT PUBLIC UTILITY
COMMISSION, and SARAH HOFMANN and
JAMES VOLZ, in their official capacities as
members of THE VERMONT PUBLIC
UTILITY COMMISSION,

               Defendants.

----------------------------------------------------------x

Civil Action No. 5:17-cv-161

**PLAINTIFF'S SUR-REPLY IN**
**RESPONSE TO DEFENDANTS' REPLY**

Plaintiff Comcast, by its undersigned counsel, respectfully submits this Sur-reply.

In its Reply, the VPUC asserts—for the first time—that its interest in ordering Comcast to construct 550 miles of additional cable line extensions is *"not confined by the Cable Act"* and can be justified based on the State's interest in having greater broadband service. Reply at 10 (emphasis added). In fact, the Cable Act expressly prohibits a franchising authority from imposing such broadband conditions in a cable franchise renewal. This new argument further demonstrates the unlawfulness of this discriminatory condition and is not a valid basis to justify the State's purported interest for First Amendment purposes.

First, when the VPUC imposed this discriminatory condition, the Federal Communications Commission ("FCC") had classified broadband Internet access service ("BIAS") as a *telecommunications* service. *See Protecting and Promoting the Open Internet*, 30 FCC Rcd. 5601 ¶ 355 (2015). Under the Cable Act, "a franchising authority may not require a cable operator to provide *any telecommunications service or facilities*" as a condition of the grant, renewal, or transfer of a cable franchise. 47 U.S.C. § 541(b)(3)(D) (emphasis added). Courts have thus rejected similar attempts by franchising authorities to impose conditions on the broadband services and facilities of cable operators.[1]

Second, subsequent to the VPUC's imposition of this discriminatory condition, the FCC reclassified BIAS as an *information* service. *See Restoring Internet Freedom*, FCC 17-166 (2017) ("*RIF Order*"). While this *ex post facto* reclassification does not alter the record of the

---

[1] *See, e.g., MediaOne Grp., Inc. v. Cty. of Henrico*, 257 F.3d 356, 365 (4th Cir. 2001) (a franchising authority "violated § 541(b)(3)(D) when it conditioned the transfer of control of [a] cable franchise by requiring [a cable operator] to unbundle its [broadband] service and provide open access to its . . . cable modem platform"); *AT&T Corp. v. City of Portland*, 216 F.3d 871, 880 (9th Cir. 2000) ("[S]ubsection 541(b)(3) prohibits a franchising authority from regulating cable broadband Internet access.").

VPUC's actions here, the Cable Act likewise prohibits a franchising authority from "establish[ing] requirements for video programming *or other information services*." 47 U.S.C. § 544(b)(1) (emphasis added). *See* H.R. Rep. No. 98-934, at 68 (1984) (stating that, under Section 544(b), "[t]he cable operator may not be required, either directly or indirectly . . . to provide particular video or other information services," and that a franchising authority "*cannot enforce or impose requirements for services, facilities or equipment* which are not related to the operation of a cable system") (emphasis added).[2]

Third, the VPUC also contends in its reply that BIAS is a "cable-related service" based on 30 V.S.A. § 517(b). Reply at 10. But this too underscores the VPUC's lack of authority to mandate an extension of Comcast's broadband facilities. Section 517(b) permits the VPUC to modify existing *cable* line extension obligations when a cable operator *voluntarily* "agrees to undertake alternative actions, including the extension of facilities that support alternative technologies for delivering broadband to users." Such modifications may be approved when an alternative proposal "is likely to provide broadband access to a greater number of unserved consumers than would the foregone *cable television* line extension requirements." 30 V.S.A. § 517(b)(2) (emphasis added). While the State may promote broadband deployment through this kind of regulatory carrot, it cannot *mandate* the construction of broadband facilities as a condition of a cable franchise renewal.

The VPUC's attempt to paint Comcast's First Amendment claim as "implausible" at the pleading stage, based on such new and erroneous legal grounds, should be rejected.

---

[2] In the *RIF Order*, the FCC restored a longstanding *deregulatory* policy for information services, ¶ 20, that more broadly preempts state or local regulation of BIAS, including mandating the construction of new broadband facilities, ¶ 194 ("[a]llowing state and local governments to adopt their own separate requirements, which could impose far greater burdens than the federal regulatory regime, could significantly disrupt the balance we strike here").

Dated at Burlington, Vermont this 16th day of March, 2018.

                    DOWNS RACHLIN MARTIN PLLC

By: /s/ Christopher D. Roy
    Christopher D. Roy
    Attorneys for Plaintiff
    199 Main Street
    P.O. Box 190
    Burlington, VT 05402 0190
    Tel.: (802) 863 2375
    Email: croy@drm.com

/s/ David P. Murray
David P. Murray (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Tel.: (202) 303-1112
Email: dmurray@willkie.com