UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

COMCAST OF CONNECTICUT/ )
GEORGIA/MASSACHUSETTS/NEW )
HAMPSHIRE/NEW YORK/NORTH )
CAROLINA/ VIRGINIA/VERMONT, LLC, )
D/B/A COMCAST, )
                                )
           Plaintiff, )
                                )
        v. )          Civil No. 5:17-cv-161
                                )
VERMONT PUBLIC UTILITY COMMISSION, )
and SARAH HOFMANN and JAMES VOLZ, )
in their official capacities as members of the )
VERMONT PUBLIC UTILITY COMMISSION, )
                                )
          Defendants. )

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT

     NOW COME the Defendants, Vermont Public Utility Commission ("VPUC") and Sarah

Hofmann and James Volz, in their official capacities as members of the VPUC, by and through

the Vermont Attorney General's Office, and as and for their Answer and Affirmative Defenses to

the Amended Complaint of Plaintiff Comcast of Connecticut/ Georgia/Massachusetts/New

Hampshire/New York /North Carolina/Virginia/Vermont, LLC, d/b/a Comcast ("Comcast" or

"Plaintiff") admit, deny and aver as follows:

     With respect to any allegation not specifically addressed below, and any allegation as to

which Defendants are without sufficient information or knowledge to admit or deny the same, all

such allegations are denied.

1

1. Admit that this is a suit for declaratory and injunctive relief challenging recent actions and orders of the VPUC renewing Comcast's franchise to provide cable television services in Vermont subject to certain conditions that Comcast refuses to accept, but deny that Comcast is entitled to any such relief.  Answering further, aver that the VPUC's pertinent orders and Comcast's Renewal Proposal speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the VPUC's pertinent orders and Comcast's Renewal Proposal are therefore denied.  Answering further, aver that insofar as any evidence referenced in the allegations of Plaintiff's Amended Complaint was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied.  Otherwise, deny.

2. Paragraph 2 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that pertinent federal and Vermont laws speak for themselves and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of federal and Vermont law are therefore denied. Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

3. Paragraph 3 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph as phrased and within

the context of this action. Answering further, aver that whether the Renewal CPG will result in "millions of dollars in increased cable costs" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them. Answering further, aver that insofar as any evidence of Comcast's allegedly increased costs or Vermont cable subscriber preferences was not entered into the "record evidence" of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the "record evidence" speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the "record evidence" are therefore denied. Otherwise, deny.

4. Admit that a true and correct copy of the Renewal CPG is attached as Exhibit 1 to Plaintiff's Amended Complaint. Aver that the Renewal CPG speaks for itself and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG are therefore denied. Whether the Renewal CPG "would impose tens of millions of dollars in additional regulatory costs and burdens on Comcast" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them. Answering further, aver that insofar as any evidence of Comcast's allegedly increased costs and burdens was not entered into the record evidence of the Renewal CPG

proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph. Otherwise, deny.

5. Admit that Comcast brings this action for certain declaratory and injunctive relief, but deny that Comcast is entitled to any such relief. Otherwise, deny.

6. Admit.

7. Admit.

8. Admit.

9. Paragraph 9 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit.

10. Paragraph 10 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit the allegations contained in the first sentence of Paragraph 10 and deny the allegations contained in the second sentence of Paragraph 10.

11. Paragraph 11 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit.

12. Defendants repeat their responses to Paragraphs 1-11 of the Amended Complaint as if fully set forth herein.

13. Admit the allegations contained in the first sentence of Paragraph 13. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Amended Complaint and accordingly deny them.

14. Admit the allegations contained in the first and second sentences of Paragraph 14. Admit that a true and correct copy of the Renewal Order is attached as Exhibit 2 to Plaintiff's

Amended Complaint.  Aver that the Renewal Order and Renewal CPG speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal Order and Renewal CPG are therefore denied.  Whether the Renewal CPG will result in "millions of dollars in increased cable costs and fees to Comcast's cable operations, making it harder for Comcast to retain and compete for subscribers " is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them.  Answering further, aver that insofar as any evidence of Comcast's allegedly increased costs and competitiveness was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny the allegations as phrased and within the context of this action.

15. Paragraph 15 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 521.  Otherwise, deny those allegations of this Paragraph as phrased and within the context of this action.

16. Paragraph 16 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act and the cited Congressional report speak for themselves and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act and the cited Congressional report are therefore denied.

17. Paragraph 17 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied.

18. Paragraph 18 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied.

19. Paragraph 19 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied.

20. Paragraph 20 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 546.

21. Paragraph 21 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied.

22. Paragraph 22 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied. Answering further, aver that 47 U.S.C. § 546(e) requires that the cable operator demonstrate that the factors on which the denial is based are "not supported by a preponderance of the evidence, based on the record of the [franchising authority administrative] proceeding . . . ."

23. Paragraph 23 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied.  Answering further, aver that 47 U.S.C. § 546(d) requires only "notice and the opportunity to cure," not "prior notice and an opportunity to cure," as alleged in this Paragraph.

24. Paragraph 24 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied.

25. Paragraph 25 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be

consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied.

26. Paragraph 26 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied.

27. Paragraph 27 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 542.

28. Paragraph 28 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 542.

29. Paragraph 29 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 542.

30. Paragraph 30 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act and the referenced FCC Reports speak

for themselves and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act and the referenced FCC Reports are therefore denied and Defendants object to Comcast's selective and incomplete quotation of such FCC Reports.

31. Paragraph 31 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act and the referenced FCC Report speak for themselves and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act and the referenced FCC Report are therefore denied and Defendants object to Comcast's selective and incomplete quotation of such FCC Report and 42 U.S.C. § 542.

32. Paragraph 32 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied.

33. Paragraph 33 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied.

34. Paragraph 34 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 556.

35. Paragraph 35 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act, the Vermont Cable Reform Television Act, and VPUC Rule 8.230 speak for themselves and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act, the Vermont Cable Reform Television Act, and VPUC Rule 8.230  are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 556 and 30 V.S.A. § 504.

36. Paragraph 36 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Vermont Cable Reform Television Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Vermont Cable Reform Television Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation  of 30 V.S.A. § 517.

37. Paragraph 37 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that VPUC Rule 8.313 speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of VPUC Rule 8.313 are therefore denied.

38. Paragraph 38 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Vermont Cable Reform Television Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Vermont Cable Reform Television Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 30 V.S.A. § 509.

39. Admit.

40. Admit.

41. Admit.

42. Paragraph 42 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit and, answering further, aver that the Cable Act speak for itself and should be consulted for the text and meaning thereof.

43. Admit.

44. Admit.

45. Admit.

46. Deny the allegations of this Paragraph as phrased and within the context of this action.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit that on September 2, 2016 Comcast filed a further amended Renewal Proposal and briefing in support of its approval and that the Department and VAN also submitted additional briefing. Otherwise, aver that the basis for this further amended Renewal Proposal is reflected in the further amended Renewal Proposal and should be consulted therefor. Comcast's characterizations and narrative description of its further amended Renewal Proposal are therefore denied Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied.

53. Admit.

54.  Admit that on January 13, 2017 the VPUC issued its Renewal Order approving the renewal of Comcast's CPG subject to conditions and the Renewal CPG and that the Renewal Order speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Renewal Order are therefore denied. Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

55. Admit that on February 13, 2017 Comcast filed a Motion to Alter or Amend Judgment.  Aver that the Motion to Alter or Amend Judgment speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Motion to Alter or Amend Judgment are therefore denied.  Otherwise, deny.

56. Admit that on July 27, 2017 the VPUC issued the Final Order denying Comcast's Motion to Alter or Amend Judgment.  Admit that a true and correct copy of the Final Order is attached as Exhibit 4 to Plaintiff's Amended Complaint.  Aver that the Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions, obligations and grounds thereof.  Comcast's characterizations and narrative description of the Renewal Order and Final Order are therefore denied.  Otherwise, deny.

57. Aver that the Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal Order and Final Order are therefore denied.  Whether the Renewal CPG "will add millions of dollars in additional costs and fees on Comcast's cable operations . . . impede Comcast's ability to compete for cable subscribers in the State" and/or "likely result in the loss of existing subscribers" are matters of opinion, judgment or prognostication that are not capable of admission or denial. To the extent that a response is

required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them.  Answering further, aver that insofar as any evidence of Comcast's allegedly increased costs, competitive abilities, Vermont subscriber preferences, or Vermont subscriber levels was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny.

58. Deny.

59. Deny.

60. Paragraph 60 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph.  Aver that the Renewal CPG and the VPUC's orders speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG and the VPUC's orders are therefore denied.  Whether the Renewal CPG "would involve millions of dollars of immediate costs" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them.  Answering further, aver that insofar as any evidence of Comcast's costs or Vermont cable subscriber preferences was

not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny.

61. Aver that whether the "PEG access channels" currently carried by Comcast in Vermont "are highly localized" in all respects is a matter of opinion or judgment that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them. Answering further, aver that insofar as any evidence of Vermont PEG access channel content and attributes was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny.

62. Aver that the conditions and requirements of Comcast's prior CPG speaks for themselves and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of Comcast's prior CPG are therefore denied and Defendants object to Comcast's selective and incomplete quotation of Comcast's prior CPG. Answering further,

aver that insofar as any evidence of concerning the nature, features, technology, changes to, and functions of the EPG was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny the remaining allegations of this Paragraph as phrased and within the context of this action.

63. Deny the allegations contained in the first sentence of Paragraph 63. Admit that "[i]n its Renewal Proposal, Comcast proposed to eliminate the EPG Condition" and that the stated reasons for this proposal are reflected in Comcast's Renewal Proposal, which should be consulted for the text and meaning thereof. Otherwise, deny the remaining allegations of this Paragraph as phrased and within the context of this action.

64. Admit that Comcast offers what it characterizes as an Interactive Programming Guide ("IPG") in Vermont. Aver that Comcast's prior CPGs speaks for themselves and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of its prior CPGs are therefore denied Answering further, aver that insofar as any evidence concerning the nature, features, technology, changes to and functions of the EPG (and what Comcast characterizes as its IPG) was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those

allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied.  Otherwise, deny.

65.  Aver that insofar as any evidence concerning the nature, features, technology, changes to and functions of what Comcast characterizes as its IPG was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny.

66. Aver that insofar as any evidence concerning communications between VAN, the AMOs, and Comcast was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied.  Otherwise, deny.

67. Aver that the Department of Public Service's proposals in the Renewal Proceeding speak for themselves and should be consulted for the text and meaning thereof.  Comcast's

characterizations and narrative description of the Department of Public Service's proposals in the Renewal Proceeding are therefore denied.

68. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Final Order.

69. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied. Whether the Renewal CPG will result in "approximately $4 million in [increased] operating costs for Comcast" as well as "additional increased annual operating costs" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them. Answering further, aver that insofar as any evidence of Comcast's allegedly increased costs, Comcast cable subscriber preferences, or orders of other franchising authorities was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the record evidence speaks for itself and should be

consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny.

70. Paragraph 70 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act and the Vermont Cable Reform Television Act speak for themselves and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act and the Vermont Cable Reform Television Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 42 U.S.C. § 546 and 30 V.S.A. §§ 504, 506. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied. Otherwise, deny.

71. Aver that the Renewal CPG, Renewal Order and Final Order, as well as Comcast's prior CPGs, speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order, as well as Comcast's prior CPGs, are therefore denied. Otherwise, deny.

72. Paragraph 72 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act are therefore denied. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of

the Renewal CPG, Renewal Order and Final Order are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Renewal Order. Otherwise, deny.

73. Paragraph 73 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act and the Vermont Cable Reform Television Act speak for themselves and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Cable Act and the Vermont Cable Reform Television Act are therefore denied. Otherwise, deny.

74. Paragraph 74 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

75. Deny.

76. Deny.

77. Paragraph 77 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

78. Paragraph 78 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action. Answering further, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

79. Paragraph 79 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Vermont Cable Reform Television Act speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the Vermont Cable Reform Television Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 30 V.S.A. § 509. Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

80. Paragraph 80 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph and aver that the Renewal CPG speaks for itself and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG are therefore denied. Otherwise, deny.

81. Paragraph 81 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that VPUC 8.313 speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of VPUC 8.313 are therefore denied. Answering further, Comcast's Renewal Proposal speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of its Renewal Proposal are therefore denied. Otherwise, deny.

82. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final

Order are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Renewal CPG. Otherwise, deny.

83. Aver that the Renewal CPG speaks for itself and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG are therefore denied. Otherwise, deny.

84. Whether the Renewal CPG "will cost millions of dollars" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them. Answering further, aver that insofar as any evidence of Comcast's line extension costs was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the record evidence and the prior CPG speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the record evidence and the prior CPG are therefore denied. Otherwise, deny.

85. Aver that the Renewal Order, Final Order, Renewal CPG and the prior CPG speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal Order, Final Order, Renewal CPG and the prior CPG are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Final Order. Answering further, aver that insofar as any evidence of whether annual calculations of qualifying densities have been imposed on

other Vermont cable operators was not entered into the record evidence of the Renewal CPG

proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and

irrelevant in this action and no response is required to any allegations referencing such

extrinsic evidence; to the extent a response is deemed required, deny those allegations of this

Paragraph. Otherwise, deny the allegations of this Paragraph as phrased and within the

context of this action.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Paragraph 90 states conclusions of law as to which no response is required; to the extent a

response is deemed required, deny these allegations and aver that the decision in *Turner

Broad. Sys., Inc. v FCC,* 512 U.S. 622, 636 (1994) speaks for itself and should be consulted for

the text and meaning thereof. Comcast's characterizations and narrative description of

*Turner Broad. Sys., Inc. v FCC,* 512 U.S. 622, 636 (1994) are therefore denied and Defendants

object to Comcast's selective and incomplete quotation thereof. Otherwise, deny the

allegations of this Paragraph as phrased and within the context of this action.

91. Deny the allegations of this Paragraph as phrased and within the context of this action.

92. Deny.

93. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and

should be consulted for the text, meaning, conditions and obligations thereof. Comcast's

characterizations and narrative description of the Renewal CPG, Renewal Order and Final

Order are therefore denied and Defendants object to Comcast's selective and incomplete

quotation of the Renewal Order.  Otherwise, Paragraph 93 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

94. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.  Answering further, Paragraph 94 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.  Otherwise, deny.

95. Whether the Renewal CPG will place "additional and unique burdens and costs . . . on Comcast," "make Comcast's cable services more expensive for existing and prospective subscribers than those offered by other video providers, including other cable franchisees," or affect Comcast's subscriber levels is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them.  Answering further, aver that insofar as any evidence of Comcast's allegedly increased burdens and costs, as well as existing and prospective Comcast subscriber conduct, was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be

consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied.  Otherwise, deny.

96. Deny.

97. Paragraph 97 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that Comcast's characterizations and narrative description of the Vermont Constitution's Common Benefits Clause are denied.  Answering further, aver that the Renewal CPG, Renewal Order, Final Order, and other CPGs applicable to other Vermont cable operators speak for themselves speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order, Final Order, and other CPGs applicable to other Vermont cable operators are therefore denied  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

98. Paragraph 98 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.  Answering further, whether the Renewal CPG will place "additional and unique burdens and costs . . . on Comcast," or "make Comcast's cable services more expensive for existing and prospective subscribers than those offered by other video providers, including other cable franchisees," is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them.  Answering further, aver that insofar as any evidence of Comcast's allegedly increased burdens and costs was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic

evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

99. Deny the allegations of this Paragraph as phrased and within the context of this action.

100. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied. Otherwise, deny.

101. Aver that insofar as any evidence of Comcast's alleged "support[]" of PEG access channels in Vermont, or the characteristics of remote origination sites, was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations as phrased and within the context of this action and accordingly deny them. Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied.

102. Aver that the Renewal Order and Comcast's prior CPG speaks for itself and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of its prior CPG are therefore denied and Defendants object to Comcast's selective and incomplete quotation of Comcast's prior CPG and the Renewal Order.

103. Aver that the Renewal Order and Comcast's Renewal Proposal speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of its Renewal Proposal are therefore denied and Defendants object to Comcast's selective and incomplete quotation of its Renewal Proposal and the Renewal Order.

104. Aver that the Renewal CPG, Renewal Order, Final Order and the Department's proposal speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order, Final Order and the Department's proposal are therefore denied. What the Renewal CPG "potentially requires" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them. Answering further, aver that insofar as any evidence of the locations of Comcast's future or potential remote origination sites under the Renewal CPG was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of

this Paragraph.   Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied.  Otherwise, deny.

105. Whether the Renewal CPG will impose costs on Comcast for "new origination return lines ranging from approximately $4,000 to more than $120,000" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them.  Answering further, aver that insofar as any evidence of Comcast's allegedly increased costs was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.   Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied. Otherwise, deny.

106. Paragraph 106 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act and the Vermont Cable Reform Television Act speak for themselves and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act and the Vermont Cable Reform Television Act are therefore denied.  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

107. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Renewal Order and Final Order. Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

108. Deny.

109. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied

110. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Renewal CPG.

111. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof. Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Renewal CPG.

112. Paragraph 112 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

113. Paragraph 113 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.  Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

114. Paragraph 114 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.  Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

115. Aver that insofar as any evidence of Comcast's alleged "support[]" of local governmental entities in Vermont by providing I-Nets, or characteristics of I-Nets was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations as phrased and within the context of this action and accordingly deny them.   Answering further, aver that the record evidence speaks for itself and should be

consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied.  Answering further, aver that Comcast's Renewal Proposal speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of its Renewal Proposal are therefore denied.

116. Aver that the Renewal CPG, Renewal Order, Final Order and Comcast's Renewal Proposal speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order, Final Order and Comcast's Renewal Proposal are therefore denied and Defendants object to Comcast's selective and incomplete quotation of the Renewal CPG.  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

117. Deny.

118. Paragraph 118 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that insofar as any evidence of future cable-related needs in relation to I-Nets was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.   Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied.  Answering further, aver that the Renewal CPG, Renewal Order and Final Order

speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof and Defendants object to Comcast's selective and incomplete quotation of the Final Order.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.  Otherwise, deny.

119. Paragraph 119 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph. Answering further, aver that insofar as any evidence of future cable-related needs in relation to I-Nets was not entered into the record evidence of the Renewal CPG proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof. Comcast's characterizations and narrative description of the record evidence are therefore denied.  Answering further, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.  Otherwise, deny.

120. Defendants repeat their responses to Paragraphs 1-119 of the Amended Complaint as if fully set forth herein.

121. Paragraph 121 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's

characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

122.  Paragraph 122 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

123. Paragraph 123 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied.  Answering further, aver that 47 U.S.C. § 546(d) only requires "notice and the opportunity to cure," not "prior notice and the opportunity to cure," as alleged in this Paragraph.  Otherwise, deny.

124. Deny.

125. Deny.

126. Deny.

127. Deny.

128.  Paragraph 128 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit.

129.  Defendants repeat their responses to Paragraphs 1-128 of the Amended Complaint as if fully set forth herein.

130. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.  Otherwise, deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Paragraph 135 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit that the Renewal CPG is final for purposes of 47 U.S.C. § 546(d).  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

136. Defendants repeat their responses to Paragraphs 1-135 of the Amended Complaint as if fully set forth herein.

137. Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.  Whether the Renewal CPG will impose "approximately $4 million in costs" is a matter of opinion, judgment or prognostication that is not capable of admission or denial. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and accordingly deny them.  Answering further, aver that insofar as any evidence of Comcast's allegedly increased costs was not entered into the record evidence of the Renewal CPG

proceeding before the VPUC, such extrinsic evidence is inadmissible, immaterial and irrelevant in this action and no response is required to any allegations referencing such extrinsic evidence; to the extent a response is deemed required, deny those allegations of this Paragraph.  Answering further, aver that the record evidence speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the record evidence are therefore denied.  Otherwise, deny.

138. Paragraph 138 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Cable Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Cable Act are therefore denied.  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

139. Paragraph 139 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

140. Deny the allegations of this Paragraph as phrased and within the context of this action.

141. Deny the allegations of this Paragraph as phrased and within the context of this action.

142. Paragraph 142 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

143. Paragraph 143 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

144. Deny.

145. Paragraph 145 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit that the Renewal CPG is final for purposes of 47 U.S.C. § 546(d).  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

146. Paragraph 146 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.  Answering further, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

147. Defendants repeat their responses to Paragraphs 1-146 of the Amended Complaint as if fully set forth herein.

148. Paragraph 148 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Vermont Cable Reform Television Act speaks for itself and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Vermont Cable Reform Television Act are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 30 V.S.A. § 504.  Answering further, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.  Otherwise, deny.

149. Deny.

150. Paragraph 150 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

151. Deny.

152. Defendants repeat their responses to Paragraphs 1-151 of the Amended Complaint as if fully set forth herein.

153. Paragraph 153 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Vermont Cable Reform Television Act and VPUC Rule 8.313 speak for themselves and should be consulted for the text and meaning thereof.  Comcast's characterizations and narrative description of the Vermont Cable Reform Television Act and VPUC Rule 8.313 are therefore denied and Defendants object to Comcast's selective and incomplete quotation of 30 V.S.A. § 517.  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

154. Deny.

155. Paragraph 155 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

156. Deny.

157. Defendants repeat their responses to Paragraphs 1-156 of the Amended Complaint as if fully set forth herein.

158. Paragraph 158 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Vermont Cable Reform Television Act speaks for itself and should be consulted for the text and meaning thereof.  Comcast's characterizations

and narrative description of the Vermont Cable Reform Television Act are therefore denied. Answering further, aver that 30 V.S.A. § 509(b) only requires "reasonable opportunity to cure," not "notice and a reasonable opportunity to cure," as alleged in this Paragraph. Otherwise, deny.

159.   Aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

160. Paragraph 160 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

161. Paragraph 161 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

162. Paragraph 162 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

163. Deny.

164. Defendants repeat their responses to Paragraphs 1-163 of the Amended Complaint as if fully set forth herein.

165. Paragraph 165 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit.

166. Paragraph 166 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

167. Paragraph 167 states conclusions of law as to which no response is required; to the extent a response is deemed required, Comcast received all the process it was due and/or requested in connection with the renewal of its CPGs.  Otherwise, deny the allegations of this Paragraph as phrased and within the context of this action.

168. Paragraph 168 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions, sources of authority and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

169. Paragraph 169 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny.

170. Deny.

171. Paragraph 171 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

172. Defendants repeat their responses to Paragraphs 1-171 of the Amended Complaint as if fully set forth herein.

173. Paragraph 173 states conclusions of law as to which no response is required; to the extent a response is deemed required, admit.

174. Paragraph 174 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

175. Paragraph 175 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

176. Paragraph 176 states conclusions of law as to which no response is required; to the extent a response is deemed required, aver that the Renewal CPG, Renewal Order and Final Order speak for themselves and should be consulted for the text, meaning, conditions, sources of authority and obligations thereof.  Comcast's characterizations and narrative description of the Renewal CPG, Renewal Order and Final Order are therefore denied.

177. Paragraph 177 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

178. Paragraph 178 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny.

179. Deny.

180. Paragraph 180 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

181. Paragraph 181 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

182. Defendants repeat their responses to Paragraphs 1-181 of the Amended Complaint as if fully set forth herein.

183. Paragraph 183 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny.

184. Deny the allegations of this Paragraph as phrased and within the context of this action.

185. Deny the allegations of this Paragraph as phrased and within the context of this action.

186. Paragraph 186 states conclusions of law as to which no response is required; to the extent a response is deemed required, deny the allegations of this Paragraph as phrased and within the context of this action.

187. Deny.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief can be granted.

2. Estoppel and waiver with respect to any alleged procedural inadequacies or violations pertaining to the VPUC Docket 8301 Renewal CPG administrative proceeding, including but not limited to, any right to prior notice and opportunity to cure instances of prior CPG non-compliance.


WHEREFORE, the Defendants, Vermont Public Utility Commission and Sarah Hofmann and James Volz, in their official capacities as members of the Vermont Public Utility Commission pray that judgment be entered in their favor dismissing Plaintiff's Amended Complaint and awarding the Defendants such other and further relief as the Court may deem appropriate.

DATED at Montpelier, Vermont this 18th day of October 2018.

STATE OF VERMONT

THOMAS J. DONOVAN, JR.
ATTORNEY GENERAL

By:    */s/ Jon T. Alexander*
        Jon T. Alexander
        Eleanor L.P. Spottswood
        Assistant Attorneys General
        Office of the Attorney General
        109 State Street
        Montpelier, VT 05609-1001
        (802) 828-1299
        jon.alexander@vermont.gov
        eleanor.spottswood@vermont.gov

        Counsel for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2018, I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

DATED at Montpelier, Vermont this 18th day of October 2018.

STATE OF VERMONT

THOMAS J. DONOVAN, JR.
ATTORNEY GENERAL

By:     */s/ Jon T. Alexander*
Jon T. Alexander
Eleanor L.P. Spottswood
Assistant Attorneys General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1299
jon.alexander@vermont.gov

Counsel for Defendants