# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

COMCAST OF
CONNECTICUT/GEORGIA/MASSACHUSE
TTS/NEW HAMPSHIRE/NEW
YORK/NORTH
CAROLINA/VIRGINIA/VERMONT, LLC,
DBA COMCAST,

        Plaintiff,

  v.

THE VERMONT PUBLIC UTILITY
COMMISSION, and SARAH HOFFMAN and
JAMES VOLZ, in their official capacities as
members of THE VERMONT PUBLIC
UTILITY COMMISSION,

        Defendants,

    and

VERMONT ACCESS NETWORK, INC.,

        Intervenor.

Civil Action No.  5:17-CV-161

## ANSWER OF THE VERMONT ACCESS NETWORK

NOW COMES Intervenor, the Vermont Access Network (hereinafter "VAN"), by and

through its attorneys, Best, Best and Krieger, LLP and Local Counsel, the Law Offices of

Douglas R. Marden, PLLC, and hereby answers the Amended Complaint filed by Comcast of

Connecticut/Georgia/Massachusetts/New Hampshire/New York/North

Carolina/Virginia/Vermont, LLC d/b/a Comcast (hereinafter "Comcast").

## PRELIMINARY STATEMENT

1.      The first sentence is ADMITTED.  The allegations in the second sentence are DENIED.

2.      ADMITTED that federal and Vermont law establish procedures and standards for the VPUC to evaluate franchise renewal applications such as the one filed by Comcast. ADMITTED that under certain circumstances, cable operators, such as Comcast, have been recognized as providers of protected speech under the First Amendment.  ADMITTED that business entities such as Comcast are subject to "basic due process."  The balance of the allegations made in this Paragraph are legal conclusions to which no reply is required and, to the extent one is required, the allegations are DENIED.

3.      DENIED.

4.      ADMITTED that Exhibit 1 is a true and correct copy of the Renewal CPG.  In other respects, the Renewal CPG speaks for itself as to the franchise conditions and the allegations otherwise mischaracterize those conditions and are DENIED.

5.      Without admitting the merits of the allegation, VAN ADMITS that Comcast brings this action on the grounds stated, and seeking the relief stated.


## PARTIES

6.      ADMITTED that the facts alleged are consistent with the findings in the decisions of the Vermont Public Utilities Commission that are the subject to this case. Otherwise, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegation.

7.      ADMITTED.

8.     ADMITTED as to the identities of the Commissioners.  The remainder of the allegation is a legal conclusion to which no reply is required.

## JURISDICTION

9.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

10.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED, except to the extent federal question jurisdiction is asserted pursuant to 28 U.S.C. Section 1331, and Sections 626 and 635 of the Cable Act, 47 U.S.C. Sections 546(e)(l) and 555(a)(l).

## VENUE

11.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are ADMITTED.

## GENERAL ALLEGATIONS

12.     The Vermont Access Network ("VAN") incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-11, above.

## BACKGROUND

13.     VAN states as a general objection that Comcast's Complaint, can be read to incorporate allegations which are not supported by the administrative record.  The provision of the Cable Act governing court review of final renewal decisions provides, inter alia, that the operator must

51290.00001\31555961.2

demonstrate "that the adverse finding of the franchising authority with respect to each of the factors described in subparagraphs (A) through (D) of subsection (c)(1) on which the denial is based is not supported by a preponderance of the evidence, *based on the record of the proceeding conducted under subsection (c)*." 47 U.S.C. § 546(e)(2)(B) (emphasis added). As a result, only the facts introduced into the record may be considered in this matter. To the extent that Comcast seeks to introduce allegations or facts that are not in the record, they are irrelevant and no response is required. The record, to the extent that Comcast seeks to characterize it, speaks for itself and no response to required. Repeating that general objection, with respect to the specific allegations of this paragraph, to the extent that a response is required ADMITTED that Comcast is a cable operator serving consumers and businesses throughout nearly all of Vermont, and otherwise, with respect to the record, DENIED, and to the extent based on facts outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the remainder of the allegation.

14.     ADMITTED that Comcast has operated and continues to operate a cable television system in the State of Vermont pursuant to two CPGs awarded by the VPUC, the renewal of which has been consolidated. ADMITTED that a true and correct copy of the Renewal Order, Docket No. 8301 (Jan. 13, 2017) ("Renewal Order") is attached as Exhibit 2. The balance of the allegations made in this Paragraph are DENIED.


## Renewal Proceedings Under The Cable Act

15.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

16. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required it is ADMITTED that Section 546(e)(1) provides for certain appeals in accordance with its terms, and it is ADMITTED that the legislative history discusses the relationship of conditional approvals and denials, but otherwise, the allegations are DENIED.

17. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. § 546(a).

18. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. § 546(b).

19. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. § 546(c).

20. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. § 546, except it is ADMITTED that Sections 546(c)(1)(A)-(D) are accurately quoted.

21. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. Section 546(c)(3).

22. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED as they do not accurately state the requirements of the renewal provisions of the Cable Act.

51290.00001\31555961.2

23.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. Section 546(d), which, *inter alia,* specifically does <u>not</u> require prior notice.

24.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, it is ADMITTED that 47 U.S.C. Section 546(f) provides that any decision of a franchising authority on renewal shall not be considered final unless all administrative review by the State has occurred or the opportunity therefor has lapsed.

25.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. Section 546(e)(2).

26.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of the review provisions of the Cable Act.

## Other Relevant Cable Act Provisions

27.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of the franchise fee provisions of the Cable Act.

28.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. Section 542.

51290.00001\31555961.2

29.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of 47 U.S.C. § 546(g)(2)(C).

30.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED; including, *inter alia* because the decisions cited explicitly does not apply to states with state level franchising; and further the holdings do not limit the financial or other remedies that may be available if a cable operator fails to comply with the provisions of a franchise; and because the specific holding quoted was found to be contrary to law by the U.S. Court of Appeals for the Sixth Circuit.

31.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of U.S.C. § 542(c).

32.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

33.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

34.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required it is DENIED, except it is admitted that the quoted language appears in 47 U.S.C. § 556(c).

**<u>Vermont State Law</u>**

35.      The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of Vermont law.

36.      This allegation is beyond the copy of VAN's status as intervenor and no reply is required. To the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of Vermont law.

37.      This allegation is beyond the copy of VAN's status as intervenor and no reply is required. To the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of Vermont law.

38.      The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of Vermont law.


**FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

39.      Incorporating the general objection set out in Paragraph 13 above (hereinafter the "General Objection"), to the extent a response is required the allegations are ADMITTED except the last sentence, which is DENIED.

40.      Incorporating the General Objection, to the extent a response is required, ADMITTED to the extent that the facts alleged are consistent with the findings and the decisions of the Vermont Public Utilities Commission as detailed in the record.  VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegation to the extent that facts alleged are outside of the record.

51290.00001\31555961.2

41.     Incorporating the General Objection, to the extent a response is required ADMITTED to the extent that the facts alleged are consistent with the findings and the decisions of the Vermont Public Utilities Commission as detailed in the record.

42.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are ADMITTED.

43.     Incorporating the General Objection, to the extent a response is required, DENIED to the extent that the facts alleged are inconsistent with the findings and the decisions of the Vermont Public Utilities Commission as detailed in the record.  On June 5, 2014, Comcast filed a request that the VPUC commence a proceeding under the Cable Act and Vermont law to begin renewal procedures for the Docket 7077 CPG.

44.     Incorporating the General Objection, to the extent a response is required, ADMITTED to the extent that the facts alleged are consistent with the findings and the decisions of the Vermont Public Utilities Commission as detailed in the record.

45.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a response is required, it is ADMITTED that on July 8, 2015, the VPUC issued a procedural schedule for the Renewal Proceeding.  It is ADMITTED that as part of the CPG renewal process, the Department is responsible for conducting an assessment of future cable-related community needs and interests in accordance with the cited paragraph.  All of Comcast's other allegations about its renewal request and/or procedural schedule made in this Paragraph are DENIED.

46.     Incorporating the General Objection, to the extent that a response is required, the allegations in the paragraph are DENIED to the extent that the facts alleged are inconsistent with

51290.00001\31555961.2

the findings and the decisions of the Vermont Public Utilities Commission or otherwise not supported in the record.

47.     ADMITTED.

48.     Incorporating the General Objection, to the extent a response is required, ADMITTED that Comcast filed a renewal proposal on or around September 23, 2015.  DENIED to the extent the balance of the allegations in this Paragraph are inconsistent with the findings and the decisions of the Vermont Public Utilities Commission or otherwise not supported in the record.

49.     ADMITTED.

50.     ADMITTED that each of the events occurred and is part of the record; DENIED to the extent that this purports to be a complete description of the proceedings.

51.     ADMITTED, that a revised renewal proposal was filed on the date stated.  Incorporating the General Objection, to the extent a response is required, DENIED to the extent the balance of the allegations in this Paragraph are inconsistent with the findings and the decisions of the Vermont Public Utilities Commission, or otherwise not supported in the record.

52.     ADMITTED that the further amended proposal was submitted on the date stated, and that the Department and VAN submitted additional briefing.  Incorporating the General Objection, DENIED to the extent the balance of the allegations in this Paragraph are inconsistent with the findings and the decisions of the Vermont Public Utilities Commission, or otherwise not supported in the record.

53.     ADMITTED.

54.     ADMITTED that on January 13, 2017, the VPUC issued its Renewal Order adopting the Renewal CPG which incorporates conditions now contested by Comcast.  The balance of the

51290.00001\31555961.2

allegations set forth a legal conclusion for which no response is required, and to the extent a response is required, the allegations are DENIED.

55.     ADMIT that Comcast filed such a motion so nominated.  The contents of the motion speak for themselves.  To the extent the characterizations of the pleadings are inconsistent therewith, they are DENIED.

56.     ADMIT that the VPUC issued an Order ("Final Order") denying Comcast's motion to alter or amend, and affirming the Renewal Order, and that a true and correct copy is attached. The contents of the Final Order speak for themselves and any characterization or allegation in connection therewith is DENIED.


### THE VPUC'S ACTIONS AND ORDERS FROM WHICH COMCAST SEEKS RELIEF

57.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record.  VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegation to the extent that facts alleged are outside of the record.

58.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

59.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.


### Interactive Program Guide - New Condition 22(3).

60.     Renewal CPG Condition 22(3) speaks for itself.  It provides:

> 22.     At a minimum, Comcast must provide the following PEG access outreach:
>
> (3)     make such modifications to its facilities, at its expense, as are necessary to allow AMOs to access Comcast's interactive

> programming guide so that all PEG channels designated by Comcast are able to have their schedules listed on the interactive programming guide (or any successor on-screen programming guide). All such modifications shall be completed no later than one year from the date of this Certificate[.]

Incorporating the General Objection, to the extent a response is required, DENIED as to the record. VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegation to the extent that facts alleged are outside of the record.

61.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, except it is ADMITTED that Comcast currently carries "45 PEG access channels on its Vermont cable system[]." To the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegation.

62.     Incorporating the General Objection, ADMITTED that Comcast correctly quotes a portion of Docket 7077 CPG Condition 23(3) where "EPG" stands for the "electronic programming guide." Otherwise, these allegations are legal conclusions as to which no response is required. To the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record.

63.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record.

64.     ADMITTED that Comcast offers a programming guide that it refers to as an Interactive Programming Guide ("IPG"). Otherwise, incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, DENIED that the IPG is not a "channel," and as to other allegations that may be based on facts outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

65.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, DENIED that the IPG is not a "channel," and as to other allegations that may be based on facts outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

66.     Incorporating the General Objection, to the extent a response is required, ADMITTED that at least since as early as 2008, VAN and individual AMOs have requested that program-specific scheduling information for each and every PEG access channel be included in the IPG. Otherwise, DENIED as to the record, and to the extent that facts alleged are outside of the record.  Rather, the record shows Comcast failed and refused to provide AMOs access to the IPG and routinely altered its cable system in a way which imposed additional barriers to such access.

67.     Incorporating the General Objection, to the extent a response is required, DENIED.

68.     Incorporating the General Objection, to the extent a response is required, ADMITTED that the VPUC adopted Condition 22(3), which is not identical to what initially was proposed by the Department or by Comcast, which condition provides:

> 22.     At a minimum, Comcast must provide the following PEG access outreach:
>
> (3)     make such modifications to its facilities, at its expense, as are necessary to allow AMOs to access Comcast's interactive programming guide so that all PEG channels designated by Comcast are able to have their schedules listed on the interactive programming guide (or any successor on-screen programming guide).  All such modifications shall be completed no later than one year from the date of this Certificate[.]

The condition speaks for itself.  To the extent inconsistent with the terms of this condition, the allegations in this Paragraph are DENIED.

51290.00001\31555961.2

69.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

70.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

71.     Incorporating the General Objection, to the extent a response is required, DENIED.  *Inter alia,* in its Renewal Order dated January 13, 2017, prior to its decision on Comcast's Motion to Alter or Amend made on July 31, 2017, the VPUC stated:

> *Based on the foregoing, the Board is unable to conclude that Comcast has substantially complied with the requirements of condition 23(3) of the Existing [Docket 7077] CPG, which is a material term of its CPG.  For several years, Comcast has not had an electronic programming guide on its systems that lists the program schedules for any of the 45 PEG access channels carried by Comcast as required by its existing CPGs.  Given Comcast's apparent failure to comply with requirement (3) of condition 23 of the Existing CPG in any respect for several years, the Board will, as a condition of CPG renewal, require Comcast, at its expense to bring its system into compliance with its pre-existing obligations.  Accordingly, Comcast shall be required to make such modifications to its facilities as are necessary to enable Comcast's interactive programming guide to provide program-specific scheduling information for all PEG access channels carried on its systems in Vermont.  Comcast shall complete the necessary modifications within one year from today.*

 VPUC Docket 8301 Final Order dated January 13, 2017 at 54 (emphasis added).

72.     The allegations made in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

73.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

74.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

51290.00001\31555961.2

75.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, including without limitation the allegation that Comcast has not been given and is not being given a meaningful opportunity to cure. To the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

76.     The allegations in this Paragraph are legal conclusions to which no reply is required. Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record.

77.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED. To the extent that the paragraph contains factual allegations, incorporating the General Objection, to the extent a response is required, DENIED as to the record. To the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

78.     To the extent that the allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED. To the extent that Comcast is alleging as a factual matter that it will pass through costs, incorporating the General Objection, to the extent a response is required, DENIED as to the record. To the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

79.     To the extent that the allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED. To the extent that Comcast is alleging as a factual matter that there is a $4 million "penalty," to the extent a

51290.00001\31555961.2

response is required, DENIED as to the record. To the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

## Cable Television Line Extension Requirements - Conditions 13(7), 33, and 34

80. The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State. To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

81. The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State. To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

82. The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State. To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

83. The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State. To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

84. The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State. To the

51290.00001\31555961.2

extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

85.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

86.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

87.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

88.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

89.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

51290.00001\31555961.2

90.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

91.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

92.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

93.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

94.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

95.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the

51290.00001\31555961.2

extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

96.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

97.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

98.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

99.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

## Additional Costly Cable And Network Construction Requirements

100.    The allegations in this Paragraph include legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.  To the extent that Comcast is describing the content of the Order, the Order speaks for itself, but to the extent that Comcast

51290.00001\31555961.2

purports to accurately characterize the Order, the allegations are DENIED. Incorporating the General Objection, to the extent a response is required, DENIED as to the record. To the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

## **Remote Origination Site Construction - Conditions 21(b) and (c)**

101.    Incorporating the General Objection, to the extent a response is required, ADMITTED that Comcast has provided connections to what are referred to as remote origination sites, but otherwise DENIED. To the extent the allegations in this Paragraph include legal conclusions, no reply is required and to the extent a reply is required the allegations are DENIED.

102.    Incorporating the General Objection, to the extent a response is required, ADMITTED that the quoted language was part of the Order referenced, but to the extent that Comcast is alleging that the term "cable plant" had no meaning, or was not otherwise understood, DENIED.

103.    Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

104.    ADMITTED that the VPUC adopted a CPG condition in the Renewal CPG that the Department originally proposed, and did not adopt the Comcast proposal. Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

105.    Incorporating the General Objection, to the extent a response is required, DENIED.

51290.00001\31555961.2

106.     The allegations in this Paragraph are legal conclusions to which no reply is required and to the extent a reply is required the allegations are DENIED.

107.     The allegations in this Paragraph are legal conclusions to which no reply is required and to the extent a reply is required the allegations are DENIED.  To the extent that Comcast purports to accurately state the findings and conclusions of the VPUC, DENIED.

108.     The allegations in this Paragraph are legal conclusions to which no reply is required and to the extent a reply is required the allegations are DENIED.


**Simultaneous Live PEG Programming/In-House Switching Ability - Conditions 24 and 30.**

109.     The Order speaks for itself, but to the extent a response is required, DENIED that Comcast accurately sets forth the requirements of the Order.

110.     The Order speaks for itself, but to the extent a response is required, ADMITTED that the quoted language appears in the Order.

111.     The Order speaks for itself, but to the extent a response is required, ADMITTED that the quoted language appears in the Order.

112.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED as they do not accurately state the requirements of the Cable Act.

113.     The Order speaks for itself, but to the extent a response is required, DENIED to the extent that it purports to characterize the Order.  The second sentence, includes a legal conclusion to which no reply is required and, to the extent a reply is required the allegations are DENIED.

51290.00001\31555961.2

114.    The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

### I-Net Obligations and Service Contract Limitations - Conditions 50 to 55

115.    Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the personal knowledge or information sufficient to form a belief about the truth of the allegations.

116.    The Order speaks for itself, but incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

117.    The Order speaks for itself, but to the extent a response is required, DENIED.

118.    The Order speaks for itself, but to the extent a response is required, DENIED.  To the extent the allegations in this Paragraph state legal conclusions, a reply to any such allegations are not required and, to the extent a reply is required, the allegations are DENIED.

119.    The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

### COUNT I

**(Violation of the Procedural Requirements of 47 U.S.C. § 546)**

120.    VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-119, above.

121.     ADMITTED that the contested CPG conditions adopted by VPUC in the Renewal Order are different than the applicable conditions proposed by Comcast.  All other allegations in this Paragraph state a legal conclusion to which a reply is not required and, to the extent a reply is required, the allegations are DENIED.

122.     The basis of the VPUC's inclusion of Condition 22(3) are set out in its Docket 8301 Renewal Order and Final Order and speak for themselves.  To the extent an answer is required, the allegations are otherwise DENIED.

123.     The allegations in this Paragraph state a legal conclusion a reply to which is not required and, to the extent a reply is required  the allegations are DENIED.

124.     The allegations in this Paragraph state a legal conclusion a reply to which is not required and, to the extent a reply is required  the allegations are DENIED.  Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

125.     The allegations in this Paragraph state a legal conclusion regarding notice of non-compliance to which a reply to which is not required and, to the extent a reply is required the allegations are DENIED.  The allegations made in this Paragraph are otherwise not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required.  To the extent an allegation is related to PEG Access, VAN is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

126.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

51290.00001\31555961.2

127.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations. Further to the extent allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required, the allegations are DENIED.

128.     The allegation is a legal conclusion to which no response is required, but to the extent that a response is required, ADMITTED that the Order is final within the meaning of 47 U.S.C. § 546(f), and otherwise DENIED.


## COUNT II

**(Violation of Substantive Requirements of 47 U.S.C. §§ 541 and 546)**


129.     VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-128, above.

130.     As to the first sentence, the Order speaks for itself, but to the extent a response is required, DENIED.  To other allegations in this Paragraph state legal conclusions, a reply to any such allegations are not required and, to the extent a reply is required, the allegations are DENIED.

131.     The allegation in this Paragraph is a legal conclusion to which no reply is required and, to the extent a reply is required the allegation is DENIED.

132.     The Order speaks for itself, but to the extent a response is required, DENIED.  To the extent that the allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required the allegations are DENIED.

133.    The Order speaks for itself, but to the extent a response is required, DENIED.  To the extent that the allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required the allegations are DENIED.

134.    Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the personal knowledge or information sufficient to form a belief about the truth of the allegations. Further to the extent allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required, the allegations are DENIED.

135.    The allegation is a legal conclusion to which no response is required, but to the extent that a response is required, ADMITTED that the Order is final within the meaning of 47 U.S.C. § 546(f), and otherwise DENIED.


## COUNT III

### (Violation of 47 U.S.C. §§ 542 and 543)


136.    VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-135, above.

137.    The Order speaks for itself, but to the extent a response is required, DENIED.

138.    The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

139.    The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

51290.00001\31555961.2

140.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

141.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.  It is further DENIED that there is support in the record for Comcast's cost estimate of approximately $4 million for it to comply with the IPG requirement found in Condition 22(3), and incorporating the General Objection, to the extent Comcast seeks to rely on evidence outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

142.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.

143.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.  It is further DENIED that there is support in the record for Comcast's cost estimate of approximately $4 million for it to comply with the IPG requirement found in Condition 22(3), and incorporating the General Objection, to the extent Comcast seeks to rely on evidence outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

144.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations. Further to the extent allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required, the allegations are DENIED.

51290.00001\31555961.2

145.     The allegation is a legal conclusion to which no response is required, but to the extent that a response is required, ADMITTED that the Order is final within the meaning of 47 U.S.C. § 546(f), and otherwise DENIED.

146.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required the allegations are DENIED.


## COUNT IV

### (Application of 30 V.S.A. §§ 504 and 506 Preempted by 47 U.S.C. § 556(c))


147.     VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-146, above.

148.     The Order speaks for itself, but to the extent a response is required, DENIED.  To the extent that the allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required the allegation is DENIED.

149.     The Order speaks for itself, but to the extent a response is required, DENIED.  To the extent the allegations in this Paragraph state legal conclusions, a reply to any such allegations are not required and, to the extent a reply is required, the allegations are DENIED.

150.     DENIED.

151.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations. Further to the extent allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required, the allegations are DENIED.

51290.00001\31555961.2

## COUNT V

### (Application of 30 V.S.A. § 517 and 18-1 Vt. Code R. § 29:8.313
### Preempted by 47 U.S.C. § 556(c))

152.    VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-151, above.

153.    The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

154.    The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

155.    DENIED.

156.    The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

51290.00001\31555961.2

**(Application of 30 V.S.A. § 509 Preempted by 47 U.S.C. § 556(c))**

157.     VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-156, above.

158.     The allegations in this Paragraph state a legal conclusion a reply to which is not required and, to the extent a reply is required  the allegations are DENIED.

159.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations. To the extent that the allegation is legal contention that the conditions in the CPG are a penalty, that allegation is a legal conclusion to which no response is required, but to the extent that a response is required, it is DENIED.

160.     Incorporating the General Objection, to the extent a response is required, DENIED.  To the extent that the allegation is legal contention, no response is required, but to the extent that a response is required, it is DENIED.

161.     Incorporating the General Objection, to the extent a response is required, DENIED.  To the extent that the allegation is legal contention, no response is required, but to the extent that a response is required, it is DENIED.

162.     DENIED.

163.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

51290.00001\31555961.2

Further to the extent allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required, the allegations are DENIED.

## COUNT VII

### (Violation of Procedural Due Process)

164. VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-163, above.

165. The allegation in this Paragraph states a legal conclusion a reply to which is not required and, to the extent a reply is required, the allegation is ADMITTED.

166. The allegation in this Paragraph states a legal conclusion a reply to which is not required and, to the extent a reply is required, the allegation is DENIED.

167. DENIED to the extent that Comcast suggests it did not receive appropriate procedural due process to which it may be entitled under the Due Process Clause in connection with the renewal of its CPGs. To the extent the allegations in this Paragraph state a legal conclusion a reply is not required and, to the extent a reply is required, the allegation is DENIED.

168. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

169. The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

170. Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks the lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.

51290.00001\31555961.2

Further to the extent allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required, the allegations are DENIED.

171.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.


## COUNT VIII

### (Violation of the First Amendment and Article 13 of the Vermont Constitution)


172.     VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-171, above, and notes as a general matter that its responses to this Count are limited to Article 13 of the Vermont Constitution, as the First Amendment claims have been stricken.

173.     The allegations in this Paragraph state a legal conclusion a reply to which is not required and, to the extent a reply is required, the allegations are ADMITTED.

174.     ADMIT that Comcast is a cable operator and that, in some situations, a cable operator may act as a member of the press.  All other allegations in this paragraph state a legal conclusion, a reply to which is not required and, to the extent a reply is required, the allegations are DENIED.

175.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

51290.00001\31555961.2

176.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

177.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

178.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

179.     Incorporating the General Objection, to the extent a response is required, DENIED as to the record, and to the extent that facts alleged are outside of the record, VAN lacks personal knowledge or information sufficient to form a belief about the truth of the allegations.  Further to the extent allegations in this Paragraph are legal conclusions, no reply is required and, to the extent a reply is required, the allegations are DENIED.

180.     The allegations in this Paragraph require no response in light of the ruling of this Court.

181.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

51290.00001\31555961.2

<u>**COUNT IX**</u>

**(Violation of Common Benefits Clause of Article 7 of the Vermont Constitution**)

182.     VAN incorporates by reference, as though set forth with particularity, its answers to Paragraphs 1-181, above.

183.     The allegations in this Paragraph are legal conclusions to which no reply is required and, to the extent a reply is required, the allegations are DENIED.

184.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

185.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

186.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

187.     The allegations made in this Paragraph are not related to PEG Access so exceed VAN's intervenor status in this case and no reply is required, beyond the reply of the State.  To the extent an allegation is relevant to PEG Access, either as a conclusion of law, or a factual allegation as to the process followed in this matter, it is DENIED.

51290.00001\31555961.2

WHEREFORE, Vermont Access Network respectfully requests that the Court:

a.　　Reject all relief sought by Comcast;

b.　　Enter judgment in VAN's favor;

c.　　Enforce the decision of the Vermont Public Utility Commission including any and all CPG conditions related to PEG Access including the contested PEG-related conditions 2l(b) and (c), 22(3) and 50 to 55 from the Renewal CPG;

d.　　Dismiss the Complaint with prejudice;

e.　　Award VAN its costs and attorney's fees; and

f.　　Grant such other and further relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's claims and causes of action fail because they fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (Facts Not in the Record)

Plaintiff's claims rest on allegations not presented or supported in the record and therefore cannot be considered and are insufficient to create a cause of action or to support a claim under the Cable Act or Vermont law.

### THIRD AFFIRMATIVE DEFENSE
### (Equity)

To the Plaintiff's claims rest on allegations that it was not practical to comply with the condition of its prior CPG, or that it could not otherwise comply with, or be held responsible for the failure to comply with requirements in its prior CPG, those claims are barred by the doctrines of laches or waiver.

51290.00001\31555961.2

Dated at Washington, D.C. this 18th day of October, 2018.

BEST, BEST & KRIEGER, LLP

By:     */s/ Joseph Van Eaton*
        Joseph Van Eaton
        2000 Pennsylvania Ave. NW
        Suite 5300
        Washington, D.C. 20006
        Tel. (202) 370-5306
        Fax (202) 785-1234,
        Joseph.VanEaton@bbklaw.com

Dated at Shelburne, Vermont this 18th day of October, 2018.

LAW OFFICES OF DOUGLAS R. MARDEN, PLLC

By:     */s/ Douglas R. Marden*
        Douglas R. Marden, Esq.
        145 Pine Haven Shores Road
        Suite 2212
        Shelburne, VT 05482
        (802) 495-5120
        doug@mardenlaw.com

        Attorneys for the Vermont Access Network

51290.00001\31555961.2

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2018, I filed the foregoing ANSWER OF THE VERMONT ACCESS NETWORK with the Clerk of the United States District Court for the District of Vermont through the CM/ECF system. Participants in case 5:17-CV-161who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Joseph Van Eaton*
Joseph Van Eaton
Best Best & Krieger LLP

October 9, 2018

51290.00001\31555961.2