U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 OCT 19 PM 2:21

CLERK

BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

------------------------------------------------------------ x
                                              :

COMCAST OF CONNECTICUT/
GEORGIA/MASSACHUSETTS/NEW              :
HAMPSHIRE/ NEW YORK/NORTH
CAROLINA/VIRGINIA/VERMONT, LLC,     :
D/B/A COMCAST,
                                              :
              Plaintiff,
                                              :
              v.
                                              :

THE VERMONT PUBLIC UTILITY               :         Civil Action No.   5:17-cv-161
COMMISSION, and SARAH HOFMANN and
JAMES VOLZ, in their official capacities as     :
members of THE VERMONT PUBLIC
UTILITY COMMISSION,                             :
              Defendants,                          :
              and                                     :

VERMONT ACCESS NETWORK, INC.,        :
              Intervenor.                           :
------------------------------------------------------------ X

## STIPULATED DISCOVERY SCHEDULE/ORDER

The parties submit the following Discovery Schedule pursuant to Local Rule 26(a)(2):

## INTRODUCTION

1. All parties have conferred about discovery in this case, which involves challenges to a renewed Certificate of Public Good ("Renewal CPG") and related orders issued by Defendant Vermont Public Utility Commission ("VPUC") in its Docket 8301.

2. In those conferences, Plaintiff indicated that it may wish to take discovery of Defendants on topics (a) and (b) described below. Plaintiff also indicated that Defendants and Intervenor Vermont Access Network may wish to take discovery of Plaintiff on topics (c) and (d) described below because Plaintiff shall seek to introduce or rely on, in this action, evidence relating to topics (c) and (d) that was not made part of the record evidence in the VPUC Docket 8301 Renewal CPG administrative proceeding:

   a. Any prior notice from the VPUC to Comcast of non-compliance with the electronic programming guide condition in (i) the Docket 7077 CPG, Condition 23(3) and/or (b) the Docket 7379 CPG, Condition 24(3).

   b. Any prior notice from the VPUC to Comcast of non-compliance with its line extension policy or tariffs when operating under either the Docket 7077 or Docket 7379 CPGs and before imposition of Conditions 13(7) and 34 in the Docket 8301 Renewal CPG.

   c. The nature, costs, and timeline of changes to Comcast's systems and operations to comply with Condition 22(3) in the Docket 8301 Renewal CPG.

   d. The annual Comcast construction budgets relied upon by the Vermont Department of Public Service in recommending, and the VPUC in imposing, the 550 mile line-extension requirements in the Docket 8301 Renewal CPG.

3. Defendants and Intervenor take the position that all of Plaintiff's claims should be decided based solely on the administrative record in the VPUC Docket 8301 Renewal CPG administrative proceeding, citing to 47 U.S.C. § 546(e)(2)(B). Plaintiff agrees that its claims under the Cable Act provisions specified in § 546(e)(2)(B) should be based on the administrative record, but maintains that its claims of procedural deficiencies under 47 U.S.C. § 546(e)(2)(A) and other causes of action are not limited to the administrative record.

4. After discussion of these discovery topics and related evidentiary concerns, the parties have agreed, and hereby stipulate, to rely on the administrative record in the VPUC Docket 8301 Renewal CPG administrative proceeding with respect to topics (a) and (b) described in paragraph 2 above, thereby obviating any need by Plaintiff (or other parties) for discovery on topics (a) and (b).

5. The parties have also agreed to continue to confer about the admissibility and use of non-record evidence in this action relating to topics (c) and (d) described in paragraph 2 above with the goal of either resolving this dispute through further stipulation, or moving the Court by November 6, 2018 to rule on the admissibility and use of this non-record evidence in this action, as outlined below.

6. The parties anticipate that such a ruling on the admissibility and use of non-record evidence relating to topics (c) and (d) (hereinafter "Court's Ruling on Non-Record Evidence") will allow them to determine without need for any further Court intervention the scope of any appropriate and needed discovery by Defendants and VAN relating to topics (c) and (d).

7. The date and directive of the Court's Ruling on Non-Record Evidence will also trigger subsequent deadlines for discovery, dispositive motion practice and trial readiness, as outlined below.

8. To the extent any electronically stored information is used or exchanged relating to the administrative record or topics (c) and (d) above, it shall be produced in the following format(s): **PDF. NATIVE files will be accepted. TIFF files will not be accepted unless Load Files are also included in the production.**

9. The parties have conferred about claims of privilege and claims of protection as trial-preparation materials. The parties have agreed on the following procedure to assert these claims after production: **See Attachment A.** Unless specifically requested in a filing with this court, the parties agreed procedure will not be the subject of a court order under Federal Rule of Evidence 502.

## DEADLINES

10. Absent a stipulation on the admissibility and use of non-record evidence, Defendants and Intervenor shall file a motion asking the Court to rule that the claims in this action shall be decided based on, and limited to, the administrative record in the VPUC Docket 8301 Renewal CPG administrative proceeding **on or before November 6, 2018**. Plaintiff's Response shall be filed **on or before November 20, 2018**, and Defendants' and Intervenor's Replies **on or before December 4, 2018**.

11. Because Defendants and Intervenor maintain that Plaintiff's claims should be based on, and limited to, the administrative record, Defendants and Intervenor do not intend, and shall not be required, to make initial disclosures based on the exception for same in Fed. R. Civ. P. 26(a)(1)(B)(i). To the extent that the parties are unable to resolve their disagreement concerning the admissibility and use of non-record evidence in this action relating to topics (c) and (d) described in paragraph 2 above through stipulation, Plaintiff shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), if required, **14 days after the Court's ruling on Non-Record Evidence**.

12. In the event the Court rules that non-record evidence is <u>not</u> admissible, then motions, including summary judgment motions but excluding motions relating to the conduct of

- 4 -

the trial, shall be filed **on or before 4 months after the Court's Ruling on Non-Record Evidence**.

13. In the event the Court rules that non-record evidence is not admissible, this case shall be ready for trial **by 6 months after the Court's Ruling on Non-Record Evidence**.

14. In the event that the Court rules that non-record evidence is admissible, depositions of all non-expert witnesses shall be completed **on or before 6 months after the Court's Ruling on Non-Record Evidence**.

15. In the event the Court rules that non-record evidence is admissible, Plaintiff shall submit expert witness reports and/or expert disclosures on or before **3 months after the Court's Ruling on Non-Record Evidence**; otherwise Plaintiff's expert witness reports are **N/A**.

16. In the event the Court rules that non-record evidence is admissible, Defendants and Intervenor shall submit expert witness reports and/or expert disclosures **on or before 4 months after the Court's Ruling on Non-Record Evidence**; otherwise expert witness reports are **N/A**. In the event Defendants or Intervenor submit witness reports and/or expert disclosures, **Plaintiff shall have 15 days thereafter to submit any expert rebuttal reports**.

17. Depositions of Plaintiff's, Defendants' and Intervenor's expert witnesses, if required, shall be completed **on or before 6 months after the Court's Ruling on Non-Record Evidence**.

18. The Early Neutral Evaluation session shall be conducted on **March 11, 2019** at **the Middlebury offices of MarksPowers LLC**, or other agreed location, from **9:00 a.m. to**

**5:00 p.m**. The parties have agreed that **Michael Marks** will serve as the early neutral evaluator.

19. In the event the Court rules that non-record evidence is admissible, all discovery shall be completed by **on or before 6 months after the Court's Ruling on Non-Record Evidence.**

20. Motions for joinder of parties and amendments to the pleadings shall be filed on or before **March 15, 2019**.

21. In the event the Court rules that non-record evidence is admissible, motions, including summary judgment motions but excluding motions relating to the conduct of the trial, shall be filed **on or before 7 months after the Court's Ruling on Non-Record Evidence**.

22. In the event the Court rules that non-record evidence is admissible, this case shall be ready for trial **by 9 months after the Court's Ruling on Non-Record Evidence**.

*/s/ David P. Murray*
David P. Murray (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006-1238
Phone: (202) 303-1112
Email: dmurray@willkie.com

October 18, 2018

*Counsel for Plaintiff*

*/s/ Jon T. Alexander*
Jon T. Alexander
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-1299
Email: jon.alexander@vermont.gov

October 18, 2018

*Counsel for Defendants*


*/s/ Douglas R. Marden*
Douglas R. Marden
Law Offices of Douglas R. Marden, PLLC
145 Pine Haven Shores Road
Suite 2212
Shelburne, VT 05482
Phone: (802) 495-5120
Email: doug@mardenlaw.com

October 18, 2018

*Counsel for Intervenor*


**APPROVED and SO ORDERED:**

Date: ___19 October 2018___

Geoffrey W. Crawford, Chief Judge
U. S. District Court

**Local Form/Rule 26(a)(3)**

## ATTACHMENT A

<u>Privilege Claims After Production</u>.  Inadvertent production of any discovery materials which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information" or "IPPI"), will not by itself constitute a waiver of any applicable privilege.  Within a reasonable period of time after a producing party discovers it has produced privileged information, the producing party shall request the return of such IPPI by identifying in writing the discovery materials inadvertently produced and the basis for withholding such discovery materials from production.  If a producing party requests the return of IPPI pursuant to this paragraph, the receiving party shall immediately take all commercially reasonable steps to return or destroy the discovery materials (and copies thereof), and shall take all commercially reasonable steps to destroy any work product that incorporates the IPPI.  If the receiving party disputes the privilege claim, it must notify the producing party of the dispute, and the basis therefore, in writing within ten (10) days of receipt of the producing party's notification.  Other than for an *in camera* review in connection with seeking a determination by the Court, the receiving party may not use or disclose any IPPI until the dispute is resolved.  The parties shall thereafter meet and confer regarding the disputed privilege claim.  If the parties cannot resolve their dispute, either party may seek a determination from the Court regarding whether the privilege applies.  The producing party must preserve the IPPI, and the receiving party may not use the IPPI, for any purpose until the dispute is resolved.