UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| COMCAST OF CONNECTICUT/GEORGIA/MASSACHUSETTS/ NEW HAMPSHIRE/NEW YORK/NORTH CAROLINA/VIRGINIA/VERMONT, LLC, DBA COMCAST<br><br>Plaintiff,<br><br>vs.<br><br>THE VERMONT PUBLIC UTILITY COMMISSION, and SARAH HOFFMAN and JAMES VOLZ, in their official capacities as members of THE VERMONT PUBLIC UTILITY COMMISSION<br><br>Defendant. | Civil Action No. 5:17-CV-161 |

**INTERVENOR VERMONT ACCESS NETWORK REPLY
TO PLAINTIFF'S OPPOSITION TO MOTIONS REGARDING
ADMISSIBILITY AND USE OF NON-RECORD EVIDENCE**

The Vermont Access Network ("VAN"), by and through its attorneys, Best, Best and Krieger, LLP and local counsel, the Law Offices of Douglas R. Marden, PLLC, hereby replies to Plaintiff Comcast's opposition to Motions filed by VAN and the Vermont Public Utilities Commission (VPUC) requesting this Court limit admissibility and use of non-record evidence.

VAN supports the opposition filed by the VPUC, and files to emphasize a few points with respect to Comcast's discussion of the Interactive Programming Guide requirements.

Comcast does not show that either VAN or the VPUC misstated the law: as both pointed out, substantive renewal decisions are reviewed on the record, and where a procedural challenge is raised, extra-record evidence generally is not allowed unless necessary to the disposition of the case. Comcast's discussion of the alleged procedural defects suggests that any procedural issues solely involve questions of law, not fact, and certainly do not require insertion of non-record

evidence into the case. This is evident when one reaches the substance of Comcast's argument at p.6, where it claims (in discussing the channel guide requirement) that the VPUC failed to give notice of non-compliance prior to "denying" renewal, and suggests that Comcast had no notice of non-compliance until after briefing was completed, and was "materially prejudiced" by the failure to provide notice of non-compliance. It then suggests that it had no opportunity to provide information about the cost of complying with the guide requirement. Comcast is factually off-base and conflates different provisions of the Cable Act's renewal standards.

47 U.S.C. § 546(c)(1)(A) provides that the renewal hearing shall consider whether the "operator has substantially complied with the material terms of the existing franchise." As the VPUC brief shows, the non-compliance with the IPG was clearly an issue before the Commission and properly noticed for hearing. Comcast was on notice, had full opportunity to present, and did present evidence relevant to that issue. Comcast's real complaint is that the Commission violated Section 546(g) by failing to provide notice and opportunity to cure prior to the proceeding. That is a purely legal issue.[1]

As part of a franchise renewal, a franchising authority must also consider whether the operator's proposal was reasonable "to meet the future cable-related needs and interest of the community taking into account the cost of meeting such needs and interests." 47 U.S.C. § 546(c)(1)(D). The channel guide requirement <u>was</u> identified as a future, cable-related need and

---

[1] That legal issue depends on Comcast's assertion, set out in its Complaint, that the notice and opportunity to cure must both be given *prior* to the renewal proceeding commencing. Nothing in the Cable Act says that is required, and it would be strange for the federal law to require a franchising authority to investigate past performance, and to then require past performance to be considered at a hearing, if the only past performance issues that could be considered are those that were noticed and for which an opportunity to cure was provided before the renewal proceeding began. *See,* 47 U.S.C. 546(a)(1)(B), 47 U.S.C. 546(c)(1)(A). In this case, the franchise renewal request was not denied, but conditioned, and the conditions give Comcast the opportunity to cure. No more is required.

-
51290.00001\31654794.1

interest before and at the hearing, and as the initial motions of the VPUC and VAN showed, the duty then fell on the company to show that satisfying the requirement was not "reasonable" in "taking into account the cost thereof." The information that the company was required to present is identical to the information it seeks to present now – information as to the cost of complying with the guide requirement. Comcast cannot rely on its "notice" argument as grounds for now submitting different information from what it actually presented, or seriously claim that it lacked the opportunity, or any reason to provide that information.[2]

Furthermore, as the VPUC brief demonstrates, Comcast actually did present information on the IPG including arguments why it opposed VAN's position ultimately adopted by the VPUC as well as cost information related to making the IPG available to PEG channels. *See, e.g.,* Glanville Mar. 22, 2016 rebuttal pf. at 41; Tr. at 54, Lines 7-19.

## CONCLUSION

There is no ground at law, and certainly no justification for allowing Comcast to submit the additional information it seeks to submit. The Motions before the Court should be granted.

---

[2] Comcast addressed the cost of providing access to the programming guide in pre-filed testimony, and at the hearing. *See, e.g.*, Rebuttal Prefiled Testimony of Dan Glanville (Comcast) at 38 - 41 (claiming that the cost of providing access to the program guide would exceed $3 million, based on estimates of Comcast engineers); Rebuttal Prefiled Testimony of Dan Glanville (Comcast) at 5, Lines 6-14 (same); 7/18/16 Technical Hearing Transcript at 54, Lines 7-19.

Dated: December 4, 2018                                BEST BEST & KRIEGER LLP


                                                       By: */s/ Joseph Van Eaton*
                                                           Joseph Van Eaton
                                                           2000 Pennsylvania Avenue, NW
                                                           Suite 5300
                                                           Washington, D.C.  20006
                                                           Telephone:  (202) 785-0600
                                                           Joseph.VanEaton@bbklaw.com

Dated: December 4, 2018                                LAW OFFICES OF DOUGLAS R. MARDEN, PLLC


                                                       By: */s/ Douglas R. Marden*
                                                           Douglas R. Marden, Esq.
                                                           145 Pine Haven Shores Road
                                                           Suite 2212
                                                           Shelburne, VT  05482
                                                           Telephone:  (802) 495-5120
                                                           doug@mardenlaw.com

                                                       Attorneys for the Vermont Access Network

51290.00001\31654794.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2018, I filed the foregoing INTERVENOR VERMONT ACCESS NETWORK REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS REGARDING ADMISSIBILITY AND USE OF NON-RECORD EVIDENCE with the Clerk of the United States District Court for the District of Vermont through the CM/ECF system. Participants in case 5:17-CV-161 who are registered CM/ECF users will be served by the CM/ECF system.

                                          */s/ Joseph Van Eaton*
                                          Joseph Van Eaton
                                          Best Best & Krieger LLP

December 4, 2018